IN FEDERAL DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON – SEATTLE

| | |
|---|---|
| SAREM MOHAMMAD MUKHTAR & MISHA MUNIR,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF STATE; THE UNITED STATES EMBASSY IN ISLAMABAD,<br><br>Defendant. | No. 2:21-cv-00047<br><br>**COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURES ACT AND THE MANDAMUS ACT** |

## I. INTRODUCTION

1. Sarem Mohammad Mukhtar is a United States citizen who is seeking a visa for his fiancée, Misha Munir, a Pakistani national. This lawsuit challenges the Defendant's actions in cancelling and thereafter not rescheduling Ms. Munir's visa application, resulting in the constructive denial of her visa application and inability to rejoin Mr. Mukhtar in the United States.

COMPLAINT – PAGE 1

## II. JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as it raises claims under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C. § 1101., et seq., the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.

3. Venue is proper because Mr. Mukhtar resides in the Western District of Washington. 28 U.S.C. § 1391(e)(1)(A).

## III. PLAINTIFFS

9. Sarem Mohammad Mukhtar is a United States citizen residing in Bellevue, Washington.

10. Misha Munir is a citizen of the Islamic Republic of Pakistan residing in Karachi, Pakistan.

11. Ms. Munir is Mr. Mukhtar's fiancée.

## IV. DEFENDANTS

12. The United States of America is an appropriate defendant in an action for judicial review under the Administrative Procedures Act. 5 U.S.C. § 703.

13. The United States Embassy for the Islamic Republic of Pakistan in Islamabad (hereinafter "the Embassy") is the appropriate defendant within the

U.S. Department of State, as it is the Embassy rather than the Secretary of State that possesses the authority to grant the relief at issue in this Complaint.

## V. FACTUAL ALLEGATIONS

14. Mr. Mukhtar and Ms. Munir are engaged to be married.

15. Seeking to bring Ms. Munir to the United States as his fiancée, Mr. Mukhtar prepared and executed a United States Citizenship and Immigration Services (USCIS) Form I-129F, Petition for Alien Fiance(e) (hereinafter "Visa Petition").

16. On the Visa Petition, Mr. Mukhtar listed Ms. Munir as its beneficiary.

17. Mr. Mukhtar caused the Visa Petition to be filed with USCIS, which received it on October 21, 2019 and assigned receipt number WAC2090012854. A true and correct copy of the receipt notice issued by USCIS is subjoined as Exhibit 1.

18. Beginning in January 2020, and in response to the global pandemic, the President of the United States issued a series of proclamations, suspending the entry of certain travelers from designated countries.[1]

---

[1] *Cf.* Proclamation No. 9984, 85 Fed. Reg. 6,709 (Jan. 31, 2020) (Republic of China); Proclamation No. 9992, 85 Fed. Reg. 12,855 (Feb. 29, 2020) (Iran); Proclamation No. 9993, 85 Fed. Reg. 15,045 (Mar. 11, 2020) (Schengen Area); Proclamation No. 9996, 85 Fed. Reg. 15,341 (Mar. 18, 2020) (United Kingdom and Ireland); Proclamation No. 10041, 85 Fed. Reg. 31,933 (May 24, 2020) (Brazil).

19. The Islamic Republic of Pakistan was not one of the countries subject to the presidential proclamations.

20. On February 5, 2020, USCIS issued a notice that it had approved the Visa Petition. A true and correct copy of the approval notice issued by USCIS is subjoined as Exhibit 2.

21. USCIS thereafter forwarded Mr. Mukhtar's Visa Petition to the United States Department of State (DOS).

22. On March 16, 2020, Ms. Munir filed a DOS Online Nonimmigrant Visa Application (DS-160) (hereinafter Visa Application), seeking issuance of a K-1 category fiancée visa and predicated on Mr. Mukhtar's approved Visa Petition.

23. DOS assigned Ms. Munir's Visa Application confirmation number AA009OSV27. A true and correct copy of the confirmation notice for Ms. Munir's Visa Application is subjoined as Exhibit 3.

24. DOS assigned Ms. Munir's Visa Application the case identification number ISL2020552032, designating the matter as assigned to the U.S. Embassy in Islamabad.

25. On March 17, 2020, the Embassy suspended all processing of immigrant and non-immigrant visa applications – including for K-1 category fiancé(e) visas – that the Embassy deemed "routine.

26. Effective March 17, 2020, the Embassy in Islamabad followed a policy or practice of scheduling a visa interview only if an applicant could demonstrate

that s/he fell into one or more of the following three emergent circumstances: (1) an urgent humanitarian need for travel (such as medical treatment or a death in the applicant's family) and who have a confirmed imminent travel itinerary; (2) medical professionals engaged in activities directly related to the mitigation of COVID-19; and/or (3) academic program starting before your scheduled interview date. A true and correct copy of the Embassy's published policy and/or practice, as available January 12, 2021 Pacific Standard Time, is subjoined as Exhibit 13.

27. On March 19, 2020 [sic.] local time, the Embassy issued a notice to Ms. Munir, informing her that her Visa Application had been calendared for an interview on April 28, 2020. A true and correct copy of the appointment confirmation email is subjoined as Exhibit 4.

28. Pursuant to the Consolidated Appropriations Act, DOS must have the policy of processing a nonimmigrant K-1 visa application within 30 days of the receiving of all necessary documents from the applicant and appropriate immigration agency (to wit, USCIS) 2000, Pub. L. 106-113, § 237(a), 113 Stat. 1051 (Nov. 29, 1999).

29. Pursuant to 9 FAM 502.7-3(C)(2), DOS holds the following policy with respect to adjudicating K-1 visa applications: "Section 237 of Public Law 106-113 requires that the Department establish a policy under which fiancé(e) visas be processed within 30 days of receipt of the necessary information from the

applicant and the Department of Homeland Security. The Department expects all posts to strive to meet the 30-day requirement. […] Since the underlying purpose of the Legal Immigration Family Equity (LIFE) Act is to reunite families, it is important that posts process these cases as quickly as possible. Posts should first process immigrant visas cases that are current for processing and for which visa numbers are available. The second priority should be K-3 applicants and their children."

30. On March 30, 2020 local time, the Embassy notified Ms. Munir that her visa interview had been canceled. A true and correct copy of the cancellation email is subjoined as Exhibit 6.

31. On May 27, 2020, Pacific Standard Time, through counsel, Mr. Mukhtar and Ms. Munir wrote to the Embassy, requesting revalidation of the Visa Petition, which was set to expire on June 4, 2020. A true and correct copy of this request is subjoined as Exhibit 5.

32. The Embassy did not respond to the Plaintiff's May 27, 2020 letter.

33. Effective September 28, 2020 local time, the United States Embassy in Pakistan and the U.S. Consulate General in Karachi resumed certain nonimmigrant services. This included scheduling interviews in certain A, G, F, M and J-category visa applications. Such visa categories correspond to alien physicians, government visitors, international visitor professors, research

scholars, short-term research scholars, specialists, secondary school students and college/university students.

34. On or about November 12, 2020, the DOS Bureau of Consular Affairs announced its "Phased Resumption of Routine Visa Services. A true and correct copy of this November 12, 2020 communique is subjoined as Exhibit 10. DOS stated *inter alia*: "Posts that process immigrant visa applications will prioritize Immediate Relative family members of U.S. citizens including intercountry adoptions (consistent with Presidential Proclamation 10014) *fiancé(e)s of U.S. citizens*, and certain Special Immigrant Visa applications." *Id.*, p. 2 (emphasis added).

35. Although K-1 category visas are designated as "non-immigrant," it has been the longstanding practice of DOS for such applications to be processed via the immigrant visa sections of its respective consular posts. The Foreign Affairs Manual designates K-1 visas as "quasi-IV" (i.e., quasi-immigrant visas). 9 FAM 502.7.

36. Ms. Munir lodged an inquiry with the Immigrant Visa Unit of the U.S. Embassy in Islamabad, seeking an update on the posture of her visa application.

37. On December 7, 2020 local time, the Immigrant Visa Unit responded that, as of March 17, 2020, the Embassy had suspended all "routine immigrant

and non immigrant visa appointments." A true and correct copy of the Immigrant Visa Unit's email is attached as Exhibit 7.

38. On December 22, 2020, through counsel, Mr. Mukhtar and Ms. Munir contacted the Embassy, asking that Ms. Munir's Visa Application be scheduled for interview. A true and correct copy of this correspondence is subjoined as Exhibit 8.

39. The Immigrant Visa Unit transmitted an automatic response, indicating that "routine visa services" remained suspended and that there was no designated time for when they would be reimplemented. A true and correspond copy of this response is subjoined as Exhibit 9.

40. The Bureau of Consular Affair's phased reopening plan, as of January 12, 2021, continues to state that consular posts will prioritize fiancé(e) applicants for visa interview. A true and correct copy of the Phased Reopening Plan, as of January 12, 2021, is subjoined as Exhibit 12.

41. Ms. Munir's visa application has been constructively refused by the Embassy's actions in cancelling and subsequently not rescheduling her visa interview.

42. The Embassy's actions in cancelling and thereafter not rescheduling Ms. Munir's visa interview have harmed the protected liberty interests of Mr. Mukhtar, a United States citizen, including his rights to serve as his fiancée's

visa petitioner and thereafter to have her corresponding visa application lawfully adjudicated.

43. Ms. Munir and Mr. Mukhtar have exhausted all appropriate agency-level remedies to compel the Embassy to schedule her visa interview.

## VII. CLAIM FOR RELIEF

**1 – Administrative Procedures Act (Unreasonable Delay).**

44. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

45. The APA requires an agency to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b).

46. The Embassy has unlawfully delayed the adjudication of Ms. Munir's visa application by cancelling and thereafter not rescheduling her visa interview, while simultaneously performing interviews for the classes of applicants identified as presenting emergent issues under its March 17, 2020 policy.

47. The Court should compel the Embassy to schedule Ms. Munir's visa interview pursuant to 5 U.S.C. § 706(2)(C).

**2 – Administrative Procedures Act (Arbitrary and Capricious Refusal to Schedule Visa Interview).**

48. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

49. As of March 17, 2020, local time the Embassy has enacted a policy of refusing visa interviews to all applicants unable to demonstrate that they fall within one or more of the three emergency exceptions articulated by the Embassy. *See* Exhibit 13, pp. 1-2.

50. This policy constructively refuses visas to all classes of applicants unable to demonstrate an emergency need under the March 17, 2020 policy.

51. The Embassy's actions in cancelling and thereafter not rescheduling Ms. Munir's visa interview constitutes action that is arbitrary, capricious, an abuse of discretion and/or not in accordance with the law in violation of 5 U.S.C. § 706(2)(C).

**3 – Administrative Procedures Act (Arbitrary and Capricious Constructive Refusal of Visa Application).**

52. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

53. The Embassy's actions in cancelling and thereafter not rescheduling Ms. Munir's visa interview constitutes action that is arbitrary, capricious, an

abuse of discretion and/or not in accordance with the law in violation of 5 U.S.C. § 706(2)(C).

54. Ms. Munir's visa application has been constructively refused by the Embassy's actions in cancelling and subsequently not rescheduling her visa interview.

55. The Embassy has no lawful basis for refusing a visa to Ms. Munir. *Cf.* 9 Foreign Affairs Manual 301.4 (listing ineligibilities and grounds for refusal).

56. The Embassy's constructive refusal of Ms. Munir's visa application constitutes action that is arbitrary, capricious, an abuse of discretion and/or not in accordance with the law in violation of 5 U.S.C. § 706(2)(C).

**4 – Administrative Procedures Act (Ultra Vires Interview-Scheduling Policy).**

57. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

58. As of March 17, 2020, local time the Embassy has enacted a policy of refusing visa interviews to all applicants unable to demonstrate that they fall within one or more of the three emergency exceptions articulated by the Embassy. *See* Exhibit 13, pp. 1-2.

59. The Embassy's policy arbitrarily and categorically de-prioritizes all K-1 fiancé(e) visa applicants – save for those qualifying as exigent under the March 17, 2020 policy.

60. The Embassy's policy of denying visa interviews pursuant to its March 17, 2020 policy is in excess of its lawful authority and violates 5 U.S.C. § 706(2)(C).

61. The Embassy's constructive refusal of visas pursuant to its March 17, 2020 policy is in excess of its lawful authority and violates 5 U.S.C. § 706(2)(C).

[The remainder of this page is intentionally left blank]

**5** – **Mandamus Act.**

62. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

63. Ms. Munir's visa application was procedurally ready of interview by no later than March 19, 2020, when the Embassy initially notified her of an April 28, 2020 interview.

64. Ms. Munir has a clear legal right to the timely and lawful adjudication of her visa application.

65. Mr. Mukhtar has a clear legal right to the timely and lawful adjudication of Ms. Munir's visa application, which is predicated on his approved Visa Petition.

66. The Embassy has a clear legal duty to timely schedule visa interviews that are pending before it and are procedurally qualified to be scheduled for interviews.

67. Neither Ms. Munir nor Mr. Mukhtar have available another legal remedy – save for their claims set forth above – to compel the Embassy to schedule Ms. Munir's visa interview.

## VIII. REQUEST FOR RELIEF

Plaintiffs request the following relief from the Court:

A. Judgment in their favor and against Defendant.

B.  An order compelling the Embassy to schedule Ms. Munir's visa interview within 15 days of judgment in this matter.

C.  Grant such further relief as the Court deems just and proper.

Respectfully submitted this 14th day of January 2021,

Sound Immigration

/s/Greg McLawsen
Greg McLawsen
SBA (Washington State) #41870

(855) 809-5115  |  greg@soundimmigration.com

Mailing address:
113 Cherry St. ECM# 45921
Seattle, WA 98104-2205

**Attorney for the Plaintiffs**